IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEPHEN M. HUCKEBA, ID # 1222324,  )  <br>           Plaintiff,                                              )  <br>vs.                                                                   )          No. 3:05-CV-1705-B  <br>                                                                       )  <br>JOHNNY ROUSSEAU,                                    )  <br>           Defendant.                                          ) | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

On August 23, 2005, the Court received a "Notification of a Lien to be Claimed and Heirship" and an application to proceed *in forma pauperis* from plaintiff. The Court construes the Notification as a civil complaint against Johnny Rousseau. Contemporaneously with these findings, the Court has granted plaintiff permission to proceed with this action *in forma pauperis*. The instant action concerns the estate of the late Sherry Lynn Rousseau, plaintiff's sister. No process has been issued in this case.

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

In this instance, plaintiff asserts no viable federal statutory or constitutional basis for this suit against Johnny Rousseau. Plaintiff's claims do not appear to arise under federal law. To the extent plaintiff has claims against defendant, such claims arise under state law. However, federal courts have no jurisdiction over such claims in the absence of diversity jurisdiction under 28 U.S.C. § 1332.[1] Plaintiff provides no facts which indicate that the requirements for diversity jurisdiction exists. He lists a Texas address for both himself and defendant. Such addresses indicate a lack of diversity. As the party seeking to invoke this Court's jurisdiction, plaintiff has the burden to show that diversity jurisdiction exists. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991). Plaintiff has not carried that burden.

Courts have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). The Court may *sua sponte* raise the jurisdictional issue at any time. *Id.*; *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999). Fed. R. Civ. P. 12(h)(3) requires that federal courts dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter." Because it appears that the Court lacks subject matter jurisdiction, this action should be dismissed.

---

[1] Supplemental jurisdiction is unavailable because plaintiff has asserted no claim which provides an independent federal basis for jurisdiction.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court **DISMISS** plaintiff's complaint for lack of subject matter jurisdiction.

**SIGNED this 29th day of September, 2005.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE